ANDERSON, Circuit Judge,
dissenting:
I respectfully dissent. I agree with the test adopted in the majority opinion. However, I do not agree with the application of that test in this case. I do not believe that the language of the ERISA Plan is ambiguous or that a remand is appropriate.
Section 2.01 of the ERISA Plan describes the assets of the Fund as follows:
“[a] all monies received and held by the Trustees from employer contributions pursuant to collective bargaining agreement, [b] all income from investments made and held by the trustees or otherwise, [c] or any other property received - and held or receivable by the Trustees for the uses and purposes set forth in this Agreement and Declaration of Trust.”
R2-44, Ex. 2, Ex. A at § 2.01 (division into categories a, b, and c added). With respect to employer contributions, I respectfully submit that the language “all monies received and held” unambiguously includes only employer contributions which have actually been paid over to the Fund and are thus “received and held” by the Fund.
I do not agree with the majority that the language — “any other property received and held or receivable”- — introduces ambiguity. To hold that this language in category (c) introduces ambiguity with respect to whether or not unpaid employer contributions are Plan assets, as the majority does, ignores the fact that category (a) deals with employer contributions, whereas this language in category (c) deals with “any other property,” other than employer *1018 contributions and income from investments. Furthermore, I submit that the only plausible reading of the term “receivable” is as a contractual or legal claim for payment of money due. I do not believe it is plausible to construe that term to embrace the money actually due in the hands of the account debtor. If that were the case, then, any run-of-the-mill contractual claim would convert the person against whom the claim was held into a fiduciary. In other words, the debtor owing the Fund any account receivable would be converted into a fiduciary.[1] For example, if the Fund were entitled to a deposit reimbursement from its utility company, the utility company would be converted into a fiduciary. I respectfully submit that the “receivable” term cannot be stretched to such a meaning.
For the foregoing reasons, I conclude that the Fund has a mere contractual claim against the Halls for the unpaid contributions, and thus the unpaid contributions are not assets of the ERISA Plan. Chapman v. Klemick, 3 F.3d 1508 (11th Cir.1993); Local Union 2134, UMW of America v. Powhatan Fuel, Inc., 828 F.2d 710, 714 (1987).[2]

. This is because the account debtor would control the money in its own hands (i.e., before it is paid over to discharge the account), and under 29 U.S.C. § 1002(21)(A)(i) "a person is a fiduciary with respect to a plan to the extent (i) he ... exercises any authority or control respecting management or disposition of its assets.”

. I agree with Judge Barkett that we cannot, as a matter of law, exclude "the possibility that employer and employee representatives did intend for a fiduciary status to attach in some circumstances to officers with control over the corporate accounts of employers delinquent in their contribution obligations.” Opinion of Judge Barkett, specially concurring, at 1016-1017. I do not so hold here. All I would hold here is that the language of the instant Plan cannot be construed to embrace that possibility, and is not ambiguous in that regard.